UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JILL CHILDERS,                              )
                                            )
        Plaintiff,                          )
                                            )
        v.                                  )        Case No. 2:13-CV-093 JD
                                            )
CITY OF PORTAGE INDIANA, *et al.*,          )
                                            )
        Defendants.                         )

## **OPINION AND ORDER**

This case arises from an allegedly wrongful arrest of Jill Childers.  She filed a complaint

on March 12, 2013.  The original complaint alleged claims against the State of Indiana (the

"State"), Porter County (the "County") and the City of Portage (the "City").  The State filed a

motion to dismiss for failure to state a claim.  [DE 8.]  In lieu of responding to the motion to

dismiss, Ms. Childers filed an amended complaint on April 16, 2013.  [DE 14.]  She then filed

the now operative Second Amended Complaint on April 26, 2013, to correct the caption of the

complaint.[1]  [DE 16.]  The Second Amended Complaint alleges claims against the County, the

City, the City's Chief of Police (the "Chief of Police"), the Clerk of the Porter County Circuit

Court (the "Clerk"), and three John Does.[2]  The State was not listed as a party in either the

Amended Complaint or the Second Amended Complaint.

---

[1] The Court has compared the Amended Complaint to the Second Amended Complaint.  The only difference
between the two filings is the caption.

[2] John Doe 1 is alleged to have acted on behalf of the State as a computer programmer.  [DE 16 ¶ 4.]  John Doe 2 is
also alleged to have worked as a computer programmer, but the Second Amended Complaint is inconsistent as to
whether John Doe 2 worked on behalf of the County or the Clerk.  [*Id.* ¶¶ 5, 11.]  John Doe 3 is alleged to have
acted on behalf of the Clerk as a data entry clerk.  [*Id.* ¶ 6.]

Now pending before the Court are four motions to dismiss: (1) the motion to dismiss the original complaint which had been filed by the State before the amendments to Ms. Childers's complaint [DE 8], (2) a motion to dismiss the Second Amended Complaint filed by the County [DE 19], (3) a motion to dismiss the Second Amended Complaint filed by the Clerk [DE 21], and (4) a motion to dismiss the Second Amended Complaint filed by the State [DE 23].[3] Although represented by counsel, Ms. Childers did not originally respond to the motions to dismiss. She did eventually file a motion for leave to file a late response, over six months past the response deadline. [DE 33.] That motion was granted and Ms. Childers filed her late response, which addressed only the State's second motion to dismiss. [DE 35.] The State then filed a reply in support of its second motion to dismiss [DE 38] and Ms. Childers was granted leave to file a surreply [DE 40, 41]. Approximately one hour after filing her surreply, Ms. Childers filed an amended surreply.[4] [DE 42, 43.] Each of the motions to dismiss is now ripe for decision.

For the reasons stated below, the Court **DENIES AS MOOT** the State's first motion to dismiss [DE 8], **DENIES** the State's second motion to dismiss [DE 23], **GRANTS** the motion to dismiss filed by the County [DE 19], and **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss filed by the Clerk [DE 21].

---

[3] The City and the Chief of Police did not file a motion to dismiss, but rather answered the Second Amended Complaint, with affirmative defenses. [DE 29.]

[4] In her initial surreply, Ms. Childers argued that the State had taken actions to prevent discovery in this case. [DE 41 at 1.] Shortly thereafter, counsel for Ms. Childers learned that this allegation was not true and amended the surreply to indicate that the County had objected to discovery while its motion to dismiss was pending, apparently without knowledge of the State. [DE 42 at 1.] Based on Ms. Childers's retraction, the Court will not consider her earlier allegation that the State impeded discovery in this matter.

## I. Factual Background

At approximately 2:00 a.m. on March 10, 2012, Ms. Childers was a passenger in a vehicle being driven by her boyfriend.[5] [DE 16-1 at 1.] The vehicle was stopped by Portage police after the driver exhibited signs of driving under the influence. [*Id.* at 1–2.] The driver was given a breathalyzer examination and was taken to the police station for chemical testing. [*Id.* at 2.] The driver was eventually released without being charged. [*Id.*] Ms. Childers, however, was taken into custody after officers were alerted that Ms. Childers had an outstanding warrant for her arrest. [*Id.*] Ms. Childers was in custody for approximately four hours. [*Id.* at 2.] She alleges that while in custody she was stripped of her clothes, searched, deprived of food and water, deprived of prescription medication, denied access to medical care, humiliated, and subjected to unsanitary and unsafe conditions. [DE 16 ¶ 17; DE 16-1 at 2.] She was released from custody upon the posting of a bond. [DE 16-1 at 2.]

A few days after her arrest, Ms. Childers visited the office of the Clerk. [*Id.*] During that visit, an employee at the Clerk's office informed Ms. Childers that the warrant on which she was arrested was an error. [*Id.*] The warrant related to a 2007 debt collection case. [*Id.*] The 2007 case had previously concluded and a release of judgment had been filed. [*Id.*] The employee at the Clerk's office obtained an order returning the bond money to Ms. Childers. [*Id.*]

Based on that arrest, Ms. Childers brings this lawsuit, arguing that the arrest violated the Fourth Amendment to the United States constitution and the Bill of Rights to the Indiana state constitution. She sues a number of individuals, many of whom she alleges were involved in the creation of a computer system, which the complaint refers to as the "Government Systems." [DE

---

[5] In ruling on the motions to dismiss, the Court limits its consideration to facts contained in Ms. Childers's Second Amended Complaint, as well as the Notice of Tort Claim attached to the Second Amended Complaint.

16 ¶ 11.]  The computer system is alleged to have been used to support various government operations, including the tracking of active warrants.  [*Id.*]

Ms. Childers alleges that certain unknown defendants (identified as John Doe 1 and John Doe 2) created the computer system [*id.*] and that another unknown defendant (identified as John Doe 3) entered into the computer system a bench warrant for Ms. Childers [*id.* ¶ 12].  She further alleges that an unknown person (alleged to have been either John Doe 3, the Clerk, or an agent of the Clerk) recalled the warrant for Ms. Childers from the computer system at a later date.  [*Id.* ¶ 13.]

What Ms. Childers alleges happened at the time of her arrest is not totally clear.  She appears to allege either that the police knew the warrant had been recalled but arrested her anyway [*id.* ¶ 15] or, in the alternative, that the police arrested her on a warrant that appeared to be valid in the computer system even though the warrant had been or should have been previously recalled [*id.* ¶ 16].  This use of the computer system, she argues, was negligent and deprived her of her constitutional rights.  [*Id.* ¶¶ 18–20.]  She also alleges that all of the defendants continue to use the computer system, despite knowing that the system is faulty.  [*Id.* ¶ 21.]

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the court must decide whether the complaint satisfies the "notice-pleading" standard.  *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).  The notice-pleading standard requires that a complaint provide a

"short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (internal citations omitted). A plaintiff's claim, however, need only be plausible, not probable. *Indep. Trust Corp.*, 665 F.3d at 934 (quoting *Twombly*, 550 U.S. at 556). "[A]

5

well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough facts to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Factual allegations, however, "that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

### III.  Discussion

Ms. Childers states that her claims arise under the United States and Indiana constitutions. [DE 16 ¶¶ 1, 8–9.] While the complaint does not explicitly state it, she makes clear in her response to the State's second motion to dismiss that her claims are brought pursuant to 42 U.S.C. § 1983. [DE 35 at 1.] The State, County, and Clerk each raise independent arguments for why the claim against them should be dismissed. The Court will address each defendant in turn.

#### A.  Claim against the State

The State has filed two motions to dismiss, the first of which is easily addressed. After the State filed its first motion to dismiss [DE 8], Ms. Childers amended her complaint. Accordingly, the State's first motion to dismiss is **DENIED AS MOOT**.

The State's second motion to dismiss requires more consideration. When Ms. Childers filed her Amended Complaint, she did not name the State as a defendant. [DE 14.] Nor did she

name the State as a defendant in the now operative Second Amended Complaint.  [DE 16.]  The

case's docket reflects this and shows that the State was terminated as a party as of the date of the

filing of the Amended Complaint on April 16, 2013.

However, the State believes that Ms. Childers is attempting to bring the State into the

lawsuit by alleging that John Doe 1 worked on behalf of the State as a computer programmer.

[DE 24 at 2.]  The State argues that it is pointless for Ms. Childers to name John Doe 1 as a

defendant because the naming of a fictitious defendant would not relate back under Rule 15 of

the Federal Rules of Civil Procedure or otherwise help Ms. Childers in any way.  [*Id.*]  Rather,

the State argues, Ms. Childers must "furnish this Court with sufficient information to identify the

defendant and merely listing Does will not do."  [*Id.*]  Ms. Childers did respond belatedly to this

argument, arguing that she is allowed to name a Doe defendant and that such a defendant could

be liable for prospective relief.  [DE 35 at 2–3.]

The State filed a reply in which it argues that, while naming fictitious defendants is

permissible, such a practice is generally discouraged [DE 38 at 1–2] and Ms. Childers has had

sufficient time to discover the identity of the Doe defendants [*id.* at 2–3].  The State additionally

argues that Ms. Childers does not include enough specific allegations about John Doe 1 and that

Ms. Childers's Notice of Tort Claim did not give the State fair notice of the potential

involvement of John Doe 1 in her injury.[6]  Ms. Childers's surreply notes that at least one

defendant has objected to engaging in discovery while the motions to dismiss have been pending

---

[6] These last two arguments were raised for the first time in the State's reply and so the Court declines to consider
them in ruling on this motion to dismiss, without prejudice to raise the arguments in a future pleading if appropriate.
*Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("the district court is entitled to find that an argument raised
for the first time in a reply brief is forfeited.").

and that if she had the opportunity to freely engage in discovery, Ms. Childers may have been able to identify John Doe 1.

While it is true that few benefits are gained by a plaintiff naming a John Doe defendant, the State exaggerates the extent to which the naming of fictitious defendants is discouraged in federal court. *See Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) ("the use of fictitious names for defendants has been routinely approved even without discussion."). However, there is also no blanket rule that allows John Does to stay in a case indefinitely. *See Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) (noting that once the statute of limitations period expires, a plaintiff may not substitute a new party in the place of a John Doe).

In this case, no party has argued that the statute of limitations has run on Ms. Childers claims. While the State argues that Ms. Childers should have identified the John Doe defendants by this time, it appears that at least some defendants have refused to cooperate in discovery while these motions to dismiss are pending. The Court will therefore afford Ms. Childers some additional time to attempt to identify the John Doe defendants through discovery.

Finally, the Court disagrees that listing John Doe 1 has no potential benefit in this case. One of Ms. Childers's allegations in this case is that the various governmental entities run a computer system that allowed for a constitutional deprivation of Ms. Childers. Naming the fictitious defendants gives the other parties clearer notice of the extent and nature of that claim and allows for more focused discovery as to its potential merit. While the Court has doubts that simply designing a computer system can lead to a plausible claim for liability under Section 1983, no party has raised that issue in a motion to dismiss and the Court declines to raise it *sua sponte*.

Accordingly, the State's second motion to dismiss is **DENIED** without prejudice. [DE 23.] All claims specifically alleged against the State had been dropped from Ms. Childers's Second Amended Complaint prior to the filing of the motion to dismiss and so there are no nominal claims against the State to dismiss. While the claim against John Doe 1, if successful, could subject the State to complying with any prospective relief, the Court declines to dismiss that claim at this time. Instead, the Court will allow the claim against John Doe 1 to remain, pending further discovery regarding the identity of John Doe 1. If John Doe 1 is later identified, the Court will consider any substantive arguments regarding whether claims are properly raised against that individual, either in an individual or official capacity.

### B. Claim against the County

Next, the County moves to dismiss Ms. Childers's claims against it for failure to state a claim. [DE 19.] The County argues that any Section 1983 claims against a municipal entity must demonstrate that constitutional rights were violated by an official policy or custom of the County, citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). [DE 20 at 4.] The County further argues that Ms. Childers has failed to allege any such official policy or custom. [*Id.* at 4–5.] Ms. Childers has not responded to this argument.

The County is correct that a municipality may not be found vicariously liable for damages under Section 1983 based on the actions of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Instead, a municipality may be found liable under Section 1983 if the plaintiff can demonstrate that his or her constitutional rights were violated by some official policy or custom of the municipality. *Id.* Such a *Monell* claim is viable when the

9

"execution of a government's policy or custom . . . inflicts the [constitutional] injury." *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008) (ellipses in original).

In order to assert a *Monell* claim, a plaintiff must prove: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

In light of Ms. Childers's failure to response, the Court has itself reviewed the Second Amended Complaint to see if it alleges any official policy or custom of the County that gave rise to her injury. In her Second Amended Complaint, Ms. Childers alleges that the County did the following things: utilize a computer system and (potentially) employ John Doe 2.[7] [DE 16 ¶ 11.] Such an allegation is insufficient to state a *Monell* claim. Even if the Court treated the utilization of a computer system into which warrants are entered as a policy or custom, it was not that policy or custom that gave rise to any injury suffered by Ms. Childers and Ms. Childers does not explain how any deficiency in the computer system could have resulted in her injuries absent any intervening negligent conduct by someone operating the system. Rather, any injury could only have been caused when an individual either incorrectly entered or incorrectly failed to remove a warrant that had been entered into the system. Ms. Childers does not allege that it was the policy of the County to make such incorrect notations into its computer system. Without any allegation of an official policy or custom of the County, Ms. Childers's claim against the County must fail.

---

[7] As noted in footnote 2, above, Ms. Childers's allegations with respect to the employment of John Doe 2 are inconsistent.

Accordingly, the County's motion to dismiss [DE 19] is **GRANTED** and the claim against the County is **DISMISSED** without prejudice.

### C. Claim against the Clerk

Finally, the Clerk moves to dismiss the claim against her for failure to state a claim. [DE 21.] In support of her motion, the Clerk argues that she is an agent of the state judicial branch and therefore any claims against the Clerk in her official capacity are really claims against the State of Indiana, which is not a person under Section 1983. [DE 22 at 5–8.] Ms. Childers has also not responded to this argument.

The Clerk is correct that Section 1983 does not authorize a suit for monetary damages against a state or state agents acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Whether the Clerk should be treated as an arm of the State depends on the nature of her position under state law. *See Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1997) (analyzing whether school board was arm of the state in order to enjoy Eleventh Amendment sovereign immunity).

The Indiana Supreme Court has considered the question of whether a circuit court clerk is a state official and has decided that the various clerks of the Indiana circuit courts are indeed state officials. *State ex rel. McClure v. Marion Superior Court, Room No. 1*, 158 N.E.2d 264, 269 (Ind. 1959) ("we have no alternative but to hold that the clerk of the circuit court is not a county officer, but rather a circuit officer"). While that decision was made in the context of determining who had the power to fill vacant clerk positions, the decision has been relied on in the Section 1983 context to determine that court clerks are state officials under Section 1983.

11

*Holland v. City of Gary*, Case No. 2:10-cv-454, 2011 WL 6782101, *3 (N.D. Ind. Dec. 27, 2011) ("The court system is separate from the other branches of the [city] government, and the judges, clerk of court, and prosecuting attorneys are not officers of the city government."); *Parsons v. Bourff*, 739 F. Supp. 1266, 1267–68 (S.D. Ind. 1989) (dismissing Section 1983 claims against clerk of court because clerk is a state official).

Accordingly, any claims against the Clerk in her official capacity for monetary damages may not survive. However, a plaintiff may assert Section 1983 claims for monetary damages against a state official in her or her individual capacity. *Hafer v. Melo*, 502 U.S. 21, 31 (1991). Additionally, a plaintiff may assert Section 1983 claims for prospective relief against a state official in his or her official capacity. *Williams v. Wisconsin*, 336 F.3d 576, 580–81 (7th Cir. 2003) (citing *Will*, 491 U.S. at 71 n.10 and *Ex Parte Young*, 209 U.S. 123 (1908)). What remains to be determined, then, is whether Ms. Childers's claim is brought against the Clerk in her official or individual capacity and whether Ms. Childers seeks any form of prospective relief.

A plaintiff must specify whether a Section 1983 suit is brought against a defendant in his or her official capacity or individual capacity. *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). If a plaintiff fails to specify whether a suit is brought in an official or personal capacity, the Court will look to the entirety of the complaint to determine the nature of the claims. *Id.* at 1374.

Although represented by counsel, Ms. Childers's Second Amended Complaint does not specify whether her claim against the Clerk is brought against the Clerk in an official or individual capacity. However, reading the complaint as a whole, the Court concludes that Ms. Childers's claims are properly construed as against the Clerk in her official capacity.

Throughout the complaint, Ms. Childers refers to the Clerk as the "Porter County Court Clerk" and at no point uses the name of the individual holding that office.[8]  Additionally, Ms. Childers alleges no specific act committed by the Clerk individually that could have given rise to Ms. Childers's injury.  Instead, Ms. Childers's allegations against the Clerk are general and refer to the actions of the office, rather than the person.  In the Second Amended Complaint, Ms. Childers alleges that the Clerk employs John Doe 3 (who is believed to be acting as a data entry clerk in the Clerk's office) and that the "Porter County Court Clerk and its agents, and/or John Doe 3" caused a bench warrant to be issued against Ms. Childers and then later recalled.  [DE 16 at ¶¶ 12–13.]  The only other allegation against the Clerk is the allegation that all of the Defendants (including the Clerk) "negligently utilized faulty Government Systems to create a mechanical and computerized record relating to [Ms. Childers]'s judicial history.  [DE 16 at ¶ 18.]  These general allegations—in the absence of any supporting argument—are not sufficient to convince the Court that the claim against the Clerk is brought against her in her personal capacity.

Finally, any claims against the Clerk in her official capacity may survive to the extent that they seek prospective relief.  Ms. Childers's Second Amended Complaint does explicitly request "injunctive relief" [DE 16 at 4], although she does not specify what form such injunctive relief might take.  Her response to the State's second motion to dismiss goes a little farther in describing what prospective relief might be sought: "In this case, the State of Indiana has a computer program that is continuing to cause damage to those with respect to arrest warrants erroneously showing in its computer systems. . . . Ms. Childers should be allowed to seek

---

[8] Based on the website of the Porter County courts, it appears the individual holding the office of Clerk is Karen Martin.  *See* http://www.in.gov/judiciary/3443.htm.

prospective relief from the State's official, John Doe 1, to correct its computer problems." [DE 35 at 3.] The Court presumes that any prospective relief against the Clerk would take a similar form. Such relief could potentially be sought from the Clerk and therefore Ms. Childers's claim against the Clerk survives for that limited purpose. As with the claim against the John Doe 1, the Court doubts whether the current allegations against the Clerk are sufficient to state a plausible claim for liability under Section 1983. However, the Clerk has not raised that issue in her motion to dismiss and the Court declines to raise it *sua sponte*.

Accordingly, the Clerk's motion to dismiss [DE 21] is **GRANTED IN PART** and **DENEID IN PART.** The claim against the Clerk for monetary damages is **DISMISSED** without prejudice, but the claim against the Clerk for prospective relief survives.

## IV. Conclusion

For the reasons stated above, the State's first motion to dismiss is **DENIED AS MOOT** [DE 8], the State's second motion to dismiss is **DENIED** without prejudice [DE 23], the County's motion to dismiss is **GRANTED** [DE 19], and the Clerk's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** [DE 23]. The claim against Porter County and the claim against the Clerk of the Porter County Circuit Court for monetary damages are **DISMISSED** without prejudice. The State was terminated as a defendant as of the filing of the Amended Complaint on April 16, 2013. [DE 14.] The case remains currently pending against the City of Portage, Indiana; the Chief of Police of Portage, Indiana; the Clerk of the Porter County Circuit Court (for prospective relief only); John Doe 1; John Doe 2; and John Doe 3. Ms. Childers is **GRANTED LEAVE** to file an amended complaint within thirty days of this Order.

14

SO ORDERED.

ENTERED:  <u>March 19, 2014</u>

<u>      /s/ JON E. DEGUILIO     </u>
Judge
United States District Court
