UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JILL CHILDERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:13-CV-093 JD |
| | ) | |
| CITY OF PORTAGE, INDIANA; CHIEF | ) | |
| OF POLICE OF PORTAGE, INDIANA; | ) | |
| PORTER COUNTY CIRCUIT COURT | ) | |
| CLERK (for prospective relief only); | ) | |
| and STATE OF INDIANA, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This case is before the court on the motions of defendants Porter County Circuit Court Clerk and the State of Indiana to dismiss the claims of Jill Childers' fourth amended complaint. Ms. Childers alleges in that complaint, filed pursuant to 42 U.S.C. § 1983, that her rights under the 4th Amendment to the United States Constitution were violated. She says she is suing the Porter Circuit Court Clerk "in an official capacity to the extent that prospective relief is sought," Fourth Amd. Compl., ¶ 8, and names the State of Indiana as a defendant "due to the fact that through its employees, Porter County Clerk of the Circuit Court, plaintiff's constitutional rights were violated." Fourth Amd. Compl., ¶ 28. Ms. Childers is seeking compensatory and punitive damages, fees, costs, and injunctive relief ordering the Porter County Circuit Court Clerk to correct its computer problems.

FACTS

As noted in the court's Opinion and Order of March 19, 2014, this case relates to Ms. Childers' allegedly wrongful arrest on March 10, 2012 when she

> was a passenger in a vehicle being driven by her boyfriend. The vehicle was stopped by Portage police after the driver exhibited signs of driving under the influence. The driver was given a breathalyzer examination and was taken to the police station for chemical testing. The driver was eventually released without being charged. Ms. Childers, however, was taken into custody after officers were alerted that Ms. Childers had an outstanding warrant for her arrest. Ms. Childers was in custody for approximately four hours. She alleges that while in custody she was stripped of her clothes, searched, deprived of food and water, deprived of prescription medication, denied access to medical care, humiliated, and subjected to unsanitary and unsafe conditions. She was released from custody upon the posting of a bond.
>
> A few days after her arrest, Ms. Childers visited the office of the Clerk [of the Porter County court]. During that visit, an employee of the Clerk's office informed Ms. Childers that the warrant on which she had been arrested was an error. The warrant related to a 2007 debt collection case. The 2007 case had previously concluded and a release of judgment had been filed. The employee at the Clerk's office obtained an order returning the bond money to Ms. Childers.
>
> Based on that arrest, Ms. Childers brings this lawsuit, arguing that the arrest violated the Fourth Amendment to the United States Constitution and the Bill of Rights to the Indiana Constitution. She . . . alleges [that the defendants and their agents] were involved in the creation of a computer system, which the complaint refers to as the "Government Systems." The computer system is alleged to have been used to support various government operations, including the tracking of active warrants. . . .
>
> What Ms. Childers alleges happened at the time of her arrest is not totally clear. She appears to allege either that the police knew the warrant had been recalled but arrested her anyway or, in the alternative, that the police arrested her on a warrant that appeared to be valid in the computer system even though the warrant had been or should have been previously recalled. This use of the computer system, she argues, was negligent and deprived her of her constitutional rights. She also alleges that all of the defendants continue to use the computer system, despite knowing that the system is faulty.

Op. and Ord. (Mar. 19, 2014), at 3-4 (citations omitted).

STANDARD OF REVIEW

The defendants' motions were both filed in reliance on Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the complaint must meet the "notice pleading" requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A court considering a motion under Rule 12(b)(6) must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). The factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, [] 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's claim need not be probable, only plausible, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

MOTION OF PORTER CIRCUIT COURT CLERK

Ms. Childers names the Clerk of the Porter Circuit Court as a defendant in her fourth amended complaint "in an official capacity to the extent that prospective relief is sought." Fourth Amd. Compl., ¶ 8. Ms. Childers alleges that "the defendants and their agents" controlled, created, caused to be created, and/or provided a computer system to be used for various government operations and, at all relevant times, knew that the computer system was faulty yet took no action to correct the system. Fourth Amd. Compl., ¶ 10, 11. She alleges that the Porter Circuit Court Clerk and its agents failed to recall a warrant after a release of judgment was filed in the eviction case against her even though "it is the policy of the clerk's office to recall warrants upon noticing such a release" and "it is policy of the clerk's office to communicate with the court upon discovery of such a matter to obtain a recall of warrant and note the recall in the government system." Fourth Amd. Compl., ¶¶ 15, 17. Ms. Childers concludes that the computer system continues to be used "in a known faulty state" and hasn't been corrected to prevent future unlawful deprivations to plaintiff "and others similarly situated." Fourth Amd. Compl., ¶ 16. Ms. Childers is seeking "injunctive relief to order defendants to correct its computer problems."

The Porter Circuit Court Clerk moves for dismissal of Ms. Childers' claims based on its arguments that (1) the court previously determined that the Clerk isn't vicariously responsible for the actions of any individual "agents" under 42 U.S.C. § 1983; (2) proof of a single incident of unconstitutional activity is insufficient to impose liability under <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); (3) claims against the Clerk in her official capacity are functionally equivalent to claims against the State of Indiana and, so, should be dismissed as redundant; and (4) Ms. Childers lacks standing to pursue her claim for prospective relief. Ms. Childers hasn't addressed

those arguments; she merely responds that dismissal is inappropriate because factual disputes exist and, "at a minimum, by respondeat superior the county can be found liable." Resp., at 2. Because the Clerk's final argument is dispositive, the court needn't address the other bases for dismissal.

The Clerk has challenged Ms. Childers' standing to pursue her claim for prospective relief, an argument to which Ms. Childers hasn't responded. "[S]tanding is a jurisdictional issue which concerns the power of federal courts to hear and decide cases and does not concern the ultimate merits of substantive claims involved in the action." Sampson v. Federal Republic of Germany, 975 F. Supp. 1108, 1120 (N.D. Ill. 1997) (*quoting* BLACK'S LAW DICTIONARY 1405 (6th ed. 1990)). Because the question of standing involves the threshold question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues," Weldon v. Seldin, 422 U.S. 490, 498 (1975), the Clerk's motion will be viewed as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Sherman v. Quinn, 735 F. Supp. 2d 1035, 1039 (C.D. Ill. 2010) ("If a plaintiff does not have standing to bring suit, the court lacks subject-matter jurisdiction, and the case must be dismissed."); Jones-Louis v. Donahoe, No. 1:13-cv-762, 2014 WL 4410374, at *2 (S.D. Ind. Sept. 3, 2014) ("The Federal Rules of Civil Procedure command that courts dismiss any suit over which they lack subject matter jurisdiction whether acting on the motion of a party of *sua sponte*.") (*citing* FED. R. CIV. P. 12(b)(1)). When considering a Rule 12(b)(1) motion, the court must "accept[] as true all facts alleged in the well-pleaded complaint and draw[] all reasonable inferences in favor of the plaintiff." Scanlan v. Eisenberg, 669 F.3d 838, 841 (7th Cir. 2012). As the party invoking federal jurisdiction, Ms. Childers bears the burden of establishing the required elements of standing. Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009).

5

The court must consider the issue of Ms. Childers' standing to pursue prospective relief against the Clerk separately from her request for an award of damages against the remaining defendants. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 185 (2000) (a plaintiff "must demonstrate standing separately for each form of relief sought"). To invoke the power of the federal court and establish standing, Ms. Childers must demonstrate that (1) she is under the threat of suffering an actual and imminent "injury in fact"; (2) there is a causal connection between that injury and the conduct to be enjoined; and (3) it is likely, not merely speculative, that a favorable judicial decision will prevent or redress that injury. Schirmer v. Nagode, 621 F.3d 581, 585 (7th Cir. 2010) (*citing* Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009)). Ms. Childers hasn't done so.

First, Ms. Childers hasn't demonstrated the threat of suffering an "injury in fact." She says the warrant at issue was recalled, *see* Fourth Amd. Compl., ¶ 16, the Porter County eviction case in which the error was made is now closed, *see* Fourth Amd. Compl., Exh. 2 (Release of Judgment, filed April 27, 2011 in Porter Superior Court Cause No. 64D04-0602-SC-737), and no charges were filed against her in connection with the 2012 wrongful arrest of which she complains. *See* Fourth Amd. Compl., ¶ 19 & Exh. 1 (Notice of Tort Claim), at 2. Ms. Childers hasn't alleged any injury or potential injury based on a case currently pending in the Porter County courts nor has she alleged any imminent threat of being involved in a case in any Porter County court. *See* City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (a plaintiff's "standing to seek the injunction requested depends on whether [s]he [is] likely to suffer future injury" from the conduct alleged). Ms. Childers hasn't alleged that she is under the threat of any actual or imminent injury, so an "injury in fact" is merely

conjectural or hypothetical.[1] *See* O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, . . . if unaccompanied by any continuing, present adverse effects."); Hummel v. St. Joseph County Bd. of Comm'rs, 57 F. Supp. 3d 902, 915 n.12 (N.D. Ind. 2014) ("Any prospective challenge to the parking lot at the Mishawaka Courthouse need not be addressed since no plaintiffs have any pending cases at that Courthouse and, thus, no standing to challenge its accessibility.").

Next, Ms. Childers hasn't established a causal relation between the injuries of which she complains – a false arrest and a warrant having not been recalled – and the conduct she seeks to enjoin – the use of an allegedly faulty computer system. The court's conclusion about the claims of Ms. Childers' second amended complaint is equally applicable to those in her fourth amended complaint: "Ms. Childers does not explain how any deficiency in the computer system could have resulted in her injuries absent any intervening negligent conduct by someone operating the system. [A]ny injury could only have been caused when an individual either incorrectly entered or incorrectly failed to remove a warrant that had been entered into the system." Op. and Ord. (Mar. 29, 2015), at 10. "[T]here must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (*quoting* Simon v. Eastern Ky. Welfare

---

[1] The court would note, too, that this is not a class action and no class of plaintiffs has been requested or certified, so Ms. Childers has no standing to seek relief "to prevent future unlawful deprivations to . . . others similarly situated." Fourth Amd. Compl., ¶ 26. *See* Campbell v. Miller, 373 F.3d 834, 836 (7th Cir. 2004) (where court hasn't certified a class, plaintiff may not rely on "the prospect that other arrested persons may be subjected" to the same treatment being challenged).

7

Rights Org., 426 U.S. 26, 41-42 (1976)). Ms. Childers hasn't demonstrated a causal connection between the injuries of which she complains and the conduct to be enjoined.

Lastly, based on the dismissal of the Porter County eviction case and the fact that no charges were filed against her as a result of her wrongful arrest, a favorable decision in this action, *i.e.*, entry of an order directing the Porter Circuit Court Clerk "to correct its computer problems," wouldn't redress any injury Ms. Childers allegedly suffered in 2012. *See* Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 108-109 (1998) (denying standing because past exposure to unlawful conduct, without "continuing, present adverse effects," does not present a case or controversy: "Nothing supports the requested injunctive relief except respondent's generalized interest in deterrence, which is insufficient for purposes of Article III."); O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, . . . if unaccompanied by any continuing, present adverse effects.").

While the past conduct alleged by Ms. Childers in her fourth amended complaint may establish her standing to pursue her claims for damages against the other defendants, Ms. Childers hasn't carried her burden of establishing that she has standing to pursue her claim for prospective, injunctive relief against the Clerk of the Porter Circuit Court. The Clerk's motion to dismiss must be granted pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]

---

[2] Even if the court were to assume that Ms. Childers had standing to pursue her claim against the Clerk of the Porter Circuit Court, the Clerk would be entitled to dismissal of her claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. While an official capacity suit against a state official for money damages is considered to be a suit against the state that is barred by the Eleventh Amendment, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), a state official still may be sued in his or her official capacity when, like here, only prospective, injunctive relief is sought. Under Ex parte Young, 209 U.S. 123 (1908), a federal court may enjoin a state official to refrain from future actions that violate federal law. 209 U.S. at 159-160. "A court applying the *Ex parte Young* doctrine now 'need only conduct a straightforward

# MOTION OF THE STATE OF INDIANA

Ms. Childers alleges in paragraph 28 of her fourth amended complaint that she named the State of Indiana as a defendant "due to [the] fact that through its employees, Porter County Clerk of the Circuit Court, her constitutional rights were violated." The State has moved to dismiss her claims based on three arguments: her claims against the State of Indiana are barred by the Eleventh Amendment to the United States Constitution; the State is not a "person" within the meaning of 42 U.S.C. § 1983; and the doctrine of respondeat superior isn't applicable to Section 1983 actions.

In response, Ms. Childers hasn't addressed any of the arguments advanced by the State. She says she has "stated a claim under federal laws for redress of the State of Indiana's violation of her constitutional rights, State and Federal, [and] has alleged a tort for which the State is liable. The case against the State of Indiana should not be dismissed." Resp., at 4. Respectfully, Ms. Childers is mistaken.

---

inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Indiana Protection and Advocacy Servs. v. Indiana Family and Social Servs. Admin., 603 F.3d 365, 371 (7th Cir. 2010) (*quoting* Verizon Maryland, Inc. v. Public Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002)).

In her fourth amended complaint, Ms. Childers seeks "injunctive relief to order the [Porter County Circuit Court Clerk] to correct its computer problems," relief that doesn't seek to end ongoing violations of federal law, but, instead, challenges the state's administration and operation of its own computer system. "[F]ederal courts should not get involved unnecessarily in what may be intramural struggles of state government." Indiana Protection and Advocacy Servs. v. Indiana Family and Social Servs. Admin., 603 F.3d 365, 372-373 (7th Cir. 2010); *see also* Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 104 n.13 (1984) ("Where, as here, the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" (*quoting* Rizzo v. Good, 423 U.S. 362, 378 (1976))). Prospective injunctive relief is available to end a continuing violation of federal law, Kentucky v. Graham, 473 U.S. 159, 169 (1985), but Ms. Childers hasn't identified an on-going injury caused by a continuing violation of federal law by the Porter County Circuit Court Clerk. Her vague, non-specific claim that she "has suffered other constitutional violations," Fourth Amd. Compl., ¶ 25, is insufficient to establish a violation of federal law or to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, Ms. Childers must allege a deprivation of right, privilege, or immunity secured by the Constitution or laws of the United States and that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42, 48 (1988); London v. RBS Citizens, N.A., 600 F.3d 742, 745-746 (7th Cir. 2010). While Ms. Childers alleges that the State of Indiana, "through its employees," violated her constitutional rights, Fourth Amd. Compl., ¶ 28, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In addition, "Section 1983 will not support a claim based on a respondeat superior theory of liability." Polk County v. Dodson, 454 U.S. 312, 325 (1981); *see also* Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeat superior liability under section 1983.") (*citing* Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978)). Ms. Childers hasn't come forward with any contrary authority.

Finally, to the extent Ms. Childers is seeking monetary damages against the State of Indiana, her claims in this court are barred by the Eleventh Amendment. Absent waiver or consent, the Eleventh Amendment to the United States Constitution bars suit against a state or one of its instrumentalities in federal court, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781 (1978), and although not explicitly provided for in the text, "the Eleventh Amendment guarantees that an 'unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" Board of Regents of the Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc., 653 F.3d 448, 457 (7th Cir. 2011) (*quoting* Edelman v. Jordan, 415 U.S. 651, 663 (1974)). In addition, the Indiana Tort Claims Act explicitly provides that the Act "shall not be construed as a waiver of the eleventh amendment to the

Constitution of the United States or consent by the state of Indiana or its employees to be sued in any federal court." IND. CODE § 34-13-3-5(f); *see also* Jones v. Indiana, 533 Fed. Appx. 672, 673 (7th Cir. 2013) ("To the extent Jones seeks relief under Indiana law, he is in the wrong court. The Eleventh Amendment to the Constitution prevents federal courts from awarding relief, under state law, against states and their agencies."). Ms. Childers hasn't argued or presented evidence to show that the State has expressly or impliedly consented to be sued in federal court or that the Tort Claims Act is inapplicable to her case.

The State of Indiana's motion to dismiss the claims in Ms. Childers' fourth amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim will be granted.

## CONCLUSION

Based on the foregoing, the court

(1) GRANTS the motion to dismiss of the Porter County Circuit Court Clerk [docket # 73] pursuant to Federal Rule of Civil Procedure 12(b)(1); and

(2) GRANTS the motion to dismiss of the State of Indiana [docket # 76] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

SO ORDERED.

ENTERED: June 22, 2015

      /s/ JON E. DEGUILIO
Judge
United States District Court

11